# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES PRIMIANO, *et al.*,

          Plaintiffs,

vs.

HOWMEDICA OSTEONICS CORP., *et al.*,

          Defendants.

Case No. 2:03-cv-00373-JCM-PAL

**ORDER**

      The court conducted a status hearing on September 10, 2010. Peter Wetherall appeared on behalf of the Plaintiff, and Wayne Wolff and Andrew Gordon appeared on behalf of the Defendants. On March 10, 2010, the Court of Appeals reversed the judgement of the district judge and remanded this case for further proceedings. The Order on Mandate (Dkt. #132) was not, however, entered until August 10, 2010. On August 20, 2010, Plaintiff filed a motion requesting a status hearing (Dkt. #133).

      At the status hearing, the court canvassed counsel for the parties concerning any need to conduct additional discovery and counsel's respective proposals. Counsel for Plaintiff indicated that, since this case has been on appeal, his client has had additional surgeries and her condition has worsened. Counsel for Plaintiff is in the process of obtaining supplemental medical records and bills, and estimates he is approximately 60%-70% complete. Counsel for both sides agree that additional discovery concerning Plaintiffs' damages is necessary. However, counsel for Plaintiff indicates he may wish to designate a life care planner/economist expert because his client has been told the that the arm involved in this lawsuit may need amputation. Counsel for Plaintiffs has not had contact with his liability experts in the more than three (3) years this case has been on appeal. He will be conferring with the liability experts to determine whether they believe supplementation of their opinions is warranted. Counsel for Plaintiffs proposed that the court reopen discovery for these limited purposes

for approximately ninety (90) days, and that the court set a trial date in approximately six (6) months.

Counsel for Defendants agrees that additional discovery is required concerning Plaintiffs' ongoing care, treatment, and damages. However, counsel for Defendants does not necessarily agree that liability expert reports should be supplemented, or that Plaintiff should be permitted to designate a life care planner/economist expert. Counsel for Defendants suggested that the court should reopen discovery an additional 180 days.

The court directed counsel for the parties to contact their respective experts and determine whether the experts believe supplementation of their opinions was suggested by any developments while this case has been on appeal. The court also directed counsel for the parties to meet and confer and contact the additional treating physicians whose depositions will be needed to obtain available dates and times. The court will conduct a status conference in approximately thirty (30) days and set a discovery plan and scheduling order after these preliminary tasks have been accomplished.

Given the age of this case, the court will also confer with the District Judge to determine his preference concerning a trial setting.

**IT IS ORDERED** that:

1. A status conference is set for **Tuesday, October 12, 2010 at 8:45 a.m.**.
2. The parties shall submit a joint status report no later than **4:00 p.m., Friday, October 8, 2010**, which advises the court of the status of Plaintiffs' production of supplemental medical records and bills, any proposal to supplement liability expert reports, the availability of Plaintiffs' treating physicians for deposition, whether Plaintiff intends to designate a life care planner/economist expert, and any other scheduling order issues.

Dated this 20th day of September, 2010.

Peggy A. Leen
United States Magistrate Judge